FILED

2015 Aug-31  PM 01:06
U.S. DISTRICT COURT
N.D. OF ALABAMA



# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **JAWANA KESHUN JACKSON,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No.:  2:15 -CV-8000-VEH** |
| | ) | (2:09-CR-453-VEH) |
| **UNITED STATES OF** | ) | |
| **AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |

---

## MEMORANDUM OPINION

### PROCEDURAL BACKGROUND AND HISTORY

The movant, Jawana Keshun Jackson, was convicted in this court on February 2, 2010, on her plea of guilty to one count of armed bank robbery, in violation of 18 U.S.C. § 2113(a) and (d) (Count 1) and one count of discharging a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(iii) (Count 2). Pursuant to the plea agreement, Jackson waived her right to appeal or to seek post-conviction relief.

Jackson was sentenced on November 4, 2010, to a term of imprisonment for a total of 166 months, to be followed by a 60-month term of supervised release. Judgment was entered on November 5, 2010. Jackson did not appeal the conviction or sentence.

On March 28, 2012, Jackson filed a § 2255 motion to vacate, set aside, or correct the sentence. *Jackson v. United States*, 2:12-cv-8014-VEH-RRA. The motion to vacate was denied and dismissed on June 6, 2012, as being untimely filed.

Jackson filed a second challenge to her conviction and sentence on August 2, 2012. *Jackson v. United States*, 2:12-cv-8030-VEH-RRA. Although she entitled the challenge a "Motion for Sentence Reduction via Rule 60(b)," it was docketed as a § 2255 motion to vacate because Jackson admitted in the motion that she sought to challenge her conviction and sentence via Rule 60(b) because she was barred by the statute of limitations from challenging it in a § 2255 motion to vacate. The court denied the motion on April 18, 2013, finding that, to the extent the motion was filed pursuant to Rule 60(b), it was due to be denied because this court does not have jurisdiction in a criminal case to hear motions filed pursuant to Rule 60(b), and, to the extent it was filed pursuant to § 2255, it was due to be denied because this court does not have jurisdiction to consider a successive § 2255 motion in the absence of authorization from the Eleventh Circuit Court of Appeals, as required by 28 U.S.C. § 2244(b)(3)(A). Jackson filed a notice of appeal on May 10, 2013. The Eleventh Circuit Court of Appeals dismissed Jackson's appeal on August 21, 2013, for failure to prosecute.

On September 19, 2013, Jackson filed a"Motion for Leave to File a Supplement to the Motion to Proceed under a Habeas Corpus Based on a Claim of Actual Innocence." In that motion (as in the current motion), Jackson asked the court to vacate her sentence in light of *Alleyne v. United States*, 133 S.Ct. 2151 (2013) and to resentence her to a lesser sentence. She also asked the court to set aside her sentence imposed for Count Two, arguing that imposing a sentence for a violation of 18 U.S.C. § 924(c) (using/carrying a firearm during and in relation to a crime of violence) was impermissible "double counting" in light of the sentence imposed under Count One (armed bank robbery). The court construed that motion as a motion under § 2255, and it was, again, denied because Jackson once again failed to secure a successive § 2255 petition, as required by statute. Jackson sought a certificate of appealability from the Eleventh Circuit and that request was denied on August 13, 2014.

On January 6, 2015, Jackson filed her latest post-conviction pleading, which is now pending before this court. Jackson's pleading is styled "Motion to Obtain Relief By Way of 2255(e)." She seeks to have her conviction under Count Two set aside and her sentence under Count One reduced, this time using as a procedural avenue the "savings clause" found at 28 U.S.C. § 2255(e) and 28 U.S.C. § 2241. The Government  has responded to Jackson's motion. Jackson has replied by filing

a "Motion To Establish Cause and Prejudice" (doc. 5), which this court has said it would treat as a response to the Government's opposition. (*See* docket entry 7). In her latest motion referenced above, she asserts that her sentence as to Count Two should be vacated "due to [her] being Actual innocence [sic] of discharging a firearm." (Doc. 5 at 1). For the reasons set out below, Jackson is entitled to no relief.

## ANALYSIS

As explained above, this is Jackson's fourth postconviction motion which asks the court to set aside her conviction and/or reduce her sentence. This time, Jackson is proceeding under 28 U.S.C. § 2255(e) (the "savings clause") and 28 U.S.C. § 2241. Jackson contends she is due this relief for two reasons: (1) because the indictment did not charge her with discharging a firearm during a crime of violence, and because that fact was not proven to a jury beyond a reasonable doubt, she stands wrongly convicted under Count Two in light of the Supreme Court's decision in *Alleyne v. United States*, 133 S.Ct. 2151 (2013); and (2) the Court erred in sentencing Jackson for both the armed bank robbery (Count One) and the firearm charge (Count Two), as the total sentence amounts to "double counting" under the guidelines. Finally, she argues that she is "actually innocent" of Count Two.

4

I.     **The motion is procedurally barred under § 2255.**

To the extent Jackson's pleading is deemed a § 2255 *habeas* motion, it is procedurally barred. These are the same arguments Jackson advanced in her third motion, which the Court denied as being successive (2:13-cv-8045-VEH-JHE). For Jackson to proceed again under this statutory provision, Jackson must first obtain permission from the Eleventh Circuit. 28 U.S.C. §§ 2244(b)(3)(A)("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application"); *see also Boyd v. United States*, 754 F.3d 1298, 1301(11th Cir. 2014). Nowhere in her motion does Jackson indicate that the appeals court has granted her the requisite permission to proceed. Accordingly, this court is without jurisdiction at this time to entertain relief under § 2255. *See, e.g., Ellis v. United States*, No. 14-10047, 2014 WL 6653035 at *2 (11th Cir. Nov. 25, 2014)(finding district court properly dismissed motion for lack of jurisdiction where defendant filed a successive § 2255 motion and failed to receive – or even argued that he qualified for – authorization from the appeals court to file a successive motion under that provision).

II.     **The motion fails under § 2241**.

Perhaps anticipating the bar on successive § 2255 petitions, Jackson relies

on 28 U.S.C. § 2241 as well as § 2255(e) in her pending motion. Her motion nonetheless fails.

Under § 2255(e)'s "savings clause" – which is a jurisdictional provision - a movant may file a collateral attack under § 2241 (thus avoiding the bar on successive motions) <u>if</u> she can show that the remedy available under § 2255 "is inadequate or ineffective to test the legality of [her] detention." 28 U.S.C. § 2255(e)(emphasis supplied). To establish that her prior § 2255 motion has been "inadequate or ineffective," Jackson must make a five-part showing. *Bryant v. Warden, FCC Coleman-Medium*, 738 F.3d 1253 (11th Cir. 2013); *Herrera v. Warden, FCC Coleman – USP I*, No. 13-14862, 2015 WL 77404 at *1 (11th Cir. Jan. 7, 2015). Among the matters she must show is that (1) her claim is based on a Supreme Court decision that is retroactively applicable on collateral review, and (2) that the circuit precedent foreclosed the claim raised in the § 2241 motion throughout sentencing, direct appeal, and her first § 2255 proceeding. *Id*. at 1274.

Neither of Jackson's two claims satisfies these requirements. In her first claim, Jackson contends that her conviction under 18 U.S.C. § 924(c) is due to be vacated in light of the *Alleyne* decision. That decision, however, has been authoritatively held not to apply retroactively on collateral review. *Jeanty v. Warden, FCI-Miami*, 757 F.3d 1283, 1285 (11th Cir. 2014). Because *Alleyne* is

not retroactively applicable, Jackson cannot demonstrate that § 2255 was "inadequate or ineffective" to test the legality of her detention. Accordingly, this court is without jurisdiction to entertain her § 2241 motion brought under § 2255(e), and this claim is due to be denied.

The same result pertains to Jackson's second claim. Here, she contends her sentence is due to be vacated because the district court erroneously "double counted" when it considered both her armed robbery conviction and her § 924(c) conviction in imposing sentence. Contrary to her argument, the law permits a defendant to be sentenced consecutively when convicted of armed bank robbery and carrying/using a firearm during a crime of violence. *See generally, United States v. Pringle*, 350 F.3d 1172 (11th Cir. 2003). What the law does not permit is for the specific guidelines offense characteristic for possession, brandishing, use, and discharge of a firearm to be applied when determining the sentence for the underlying bank robbery if a sentence is also imposed for the accompanying § 924(c) charge. *Id*. at 1179. That did not occur in Jackson's case. *See* PSR, ¶ 30.[1]

---

[1] This paragraph states:
Specific Offense Characteristics: Other specific offense characteristics and cross-references were examined and determined not to apply. Specifically, U.S.S.G. § 2K2.4, comment. (n.4) states that if a sentence under § 2K2.4 is imposed (count two) in conjunction with an underlying offense, do not apply enhancements relating to the use of the firearm that is the basis of the 924(c) conviction (count two).

Her claim, therefore, has no substantive merit.

In any event, the issue Jackson raises is an issue that could have been challenged at the time sentence was imposed or in Jackson's first (and untimely) *habeas* motion, but was not. Because Jackson has shown no legal impediment that prevented her from pursuing this claim on those occasions, she cannot show that the remedy available under § 2255 "is inadequate or ineffective to test the legality of [her] detention." Absent such showing, this court is without jurisdiction to address this claim on collateral review under §§ 2255(e) and 2241. Accordingly, the claim is due to be denied.

## III.   Jackson has not shown "Actual Innocence."

Even if her motion were not procedurally barred, her claim of "actual innocence" of Count Two fails on its merits. Jackson argues that "no reasonable juror would have found her guilty of discharging [a firearm], given the facts of the case." (Doc. 5 at 1). She states that "[n]either [sic] victims testified of seeing Jackson with or in proximity of a gun or tobbery." (*Id*.). However, in making this argument, Jackson ignores the facts that she, in her plea agreement, admitted were substantially correct. In her written plea agreement, Jackson admits the following facts.

Investigation by the F.B.I. and Bessemer Police reveals that on

April 13, 2009, just prior to noon, the Bessemer, Alabama, branch of the Royal Bank of Canada, a F.D.I.C. insured institution, was robbed at gunpoint by a lone black male wearing a woman's wig and carrying a black shoulder purse.  The robbery began when the suspect grabbed the security guard, Henry Perry, who was standing outside the front entrance to the bank, and pushed him back into the bank.  As the two entered the building, a single shot was discharged from a revolver the suspect was brandishing.

Once inside the bank, the suspect instructed several customers to get on the floor. He then approached the teller line, where he confronted bank employee Lou Carmichael. While pointing his gun at Ms. Carmichael, the suspect began shouting obscenities and demanding money. Ms. Carmichael complied, giving the perpetrator approximately $3,094 in the process. The man placed the money in the  shoulder purse and left the bank.

Moments after the robbery, a dye pack that had been secreted in the money exploded. Police later discovered $1,694 in cash, a black bag, and a .22 revolver laying on the ground across the street from the bank. All were covered in red dye.  While canvassing potential witnesses that day, police learned that at the time of the robbery, a tan or gold Ford Explorer had been seen going the wrong way on 18th Street. The vehicle appeared to have been damaged and was partially covered in plastic.

Because of similarities in the M.O., Bessemer detectives quickly realized that the black male from the RBC robbery was probably the same individual who had committed an armed robbery at a Bessemer business called "Uncle Bob's Storage" on March 16, 2009.  During that robbery, the black male, wearing a woman's wig, entered the business and robbed an employee at gunpoint.  Just prior to the robbery, a black female, believed to be Jawana Jackson, had entered the business and asked the employee questions about renting a storage unit.  Exterior video from the business captured a gold Ford Explorer being driven by the black female.  The vehicle had extensive damage on the front passenger door.  The video also captured the robber exiting the same Ford Explorer near the business just prior to the robbery.

Photos from the RBC surveillance system were released later

that afternoon (April 13, 2009) to the media. The next day, a tipster contacted the Bessemer Police and identified Andre Wallace as the man who had robbed the RBC. Detectives developed an address for Wallace at 1712 Cedar Avenue Southwest, Birmingham, Alabama. There, they found a gold 1996 Ford Explorer with damage to the front passenger door. Before police could make contact with anyone at that residence, the SUV was driven away from the area. Vehicle information was subsequently relayed to the Birmingham Police Department in an effort to locate the SUV.

Later that night, at approximately 8:37 p.m., a Birmingham police officer made a traffic stop on the suspects' vehicle. Inside the SUV were Andre Wallace and his girlfriend, Jawana Jackson. Records reveal the vehicle is registered to Jawana Jackson's mother, Angela Jackson, of 1712 Cedar Avenue Southwest.  FBI S/A Paul Watson and Detective Perry Hurst responded to the scene. While walking around the SUV, officers spotted in plain view a reddish-colored wig lying in the cargo area of the vehicle.

Wallace and Jackson were arrested by Detective Hurst for the robbery of Uncle Bob's Storage. A post-arrest search of Jackson's purse revealed an additional amount of cash that appeared dye-stained.

Wallace was subsequently taken to police headquarters and given Miranda warnings. After acknowledging his rights and signing a waiver form, he provided Detective Hurst and Agent Watson with a tape-recorded statement in which he confessed to robbing both the RBC and the storage facility.

That same night, Jackson, too, gave authorities a recorded statement.  After being advised of and waiving her Miranda rights, Jackson admitted her involvement in both robberies. With respect to the instant offense, the defendant stated that on the day of the robbery, she and Wallace drove to three area financial institutions, including the Royal Bank of Canada in Bessemer.  Jackson indicated that she entered all three institutions for the purpose of "casing" the businesses. After entering the RBC, Jackson said that she talked to an employee about opening an account. The defendant said that when she left the RBC, she returned to Wallace, informed him that the bank had a security guard, and told him that she didn't feel good about

10

robbing the bank.

(Doc. 31 at 3-6).

Because Jackson joined with her co-defendant, Wallace, in robbing a bank by violence, under the admitted-to-be-correct facts set out in her plea agreement, this court properly found Jackson guilty of Count Two, discharging a firearm during and in relation to a crime of violence (the armed bank robbery charged in Count One), and sentenced her to the statutorily mandated consecutive sentence for that crime.

The facts of this case, which are challenged by Jackson as insufficient to support her sentence under Count Two, are similar in all relevant respects to those in *United States v. Jackson*, 534 F. App'x 917, 918-19 (11th Cir. 2013) (unpublished). In that case, Clifford Deangelo Jackson appealed his convictions and sentence in this consolidated appeal. In relevant part, Clifford Deangelo Jackson pled guilty to one count of aiding and abetting an attempted armed bank robbery, in violation of 18 U.S.C. §§ 2113(a), (d), and 2 (Bank Count 1), and one count of aiding and abetting the discharge of a firearm during a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(iii), and 2 (Bank Count 2). The district court sentenced Clifford Deangelo Jackson to 74–months incarceration for Bank Count 1, followed by a consecutive mandatory minimum 10–year sentence for

11

Bank Count 2.[2] Clifford Deangelo Jackson appealed. In relevant part, he asserted that the district court erred in sentencing him to a ten-year mandatory minimum sentence because he is not accountable for his codefendant's accidental discharge of a firearm after they left the bank they had robbed. The Eleventh Circuit affirmed the sentence, reasoning that the discharge of the firearm was reasonably foreseeable and, accordingly, Clifford Deangelo Jackson was equally responsible as his co-defendant.

Just as discharge of the firearm was reasonably foreseeably in *U.S. v. Jackson*, so, too, was it reasonably foreseeable here. Because Jackson and her co-defendant were carrying out a joint scheme to commit armed robbery, the discharge of the firearm by her co-defendant is conduct properly attributable to her. Just as a defendant who "aids and abets a § 924(c) offense is 'accountable for the entirety of the conduct' relating to the § 924(c) offense" (*id*. at 920-921) (internal citation omitted), a defendant such as Jackson who joins in a scheme to commit armed bank robbery is accountable for not only her conduct but also that of her co-defendant (Wallace).

### CONCLUSION

---

[2] Clifford Deangelo Jackson was convicted by a jury of other conduct. The undersigned omits discussion of that conduct or the sentence imposed for that conduct as not necessary or helpful to its analysis of the instant case.

Having considered the pending motion both under 28 U.S.C. § 2255 and under 28 U.S.C. § 2241 (by way of § 2255(e)), the court finds that Jackson's latest pleading warrants no relief. Accordingly, her motion is due to be, and hereby is, **DENIED**.

**DONE** and **ORDERED** this the 31st day of August, 2015.

**VIRGINIA EMERSON HOPKINS**
United States District Judge

13